[Civ. No. 4406. Fourth Dist. Aug. 6, 1952.]

GEORGE L. BROWN et al., Respondents, v. MARY T. VOIGHT, Appellant.

Mary T. Voight, in pro. per., for Appellant.

Howard A. Andrews for Respondents.

BARNARD, P. J.—This is an action to compel the defendant to remove certain installations used in connection with her motel property at Olancha.

In 1938, one J. F. Saner acquired title to 30 acres of land in the Southwest Quarter of the Northwest Quarter of Section 18-19-37, M. D. B. & M. This land is some 300 feet westerly from Highway 395 and for many years a road has run from that land to the highway, crossing lands owned by

the plaintiffs. This road, herein called the motel road, had never been dedicated or accepted as a county road but has long been used for entry to this land and by the general public.

After he acquired this land, Saner built and operated a motel thereon, and made certain installations for the purpose of advertising his business. He installed three concrete pillars marking a fan-shaped entrance from Highway 395 to the motel road, and installed a large sign on Brown's land at the south side of this entrance, and another sign on Lacey's land some half mile north of that entrance. He erected a line of poles to carry electric wires from his motel for the purpose of lighting the sign and pillars at this entrance. In June, 1946, Saner sold the 30 acres and motel to the defendant, the deed describing the land by government description. He gave the defendant a bill of sale covering a long list of furniture and fixtures going with the motel, but nothing was said in the deed or bill of sale about the motel road or the installations here in question.

The complaint in this action, filed on October 25, 1948, alleged, so far as material here, that Saner had erected the signs, pillars and pole line on the plaintiffs' properties with their permission; that he had sold the motel land and business to the defendant; that she had been requested to remove the signs, pillars and pole line from their respective properties; and that she had refused to do so claiming a right or easement by prescription to maintain and use them permanently. An injunction was asked ordering the defendant to remove the signs, pillars and poles from the respective lands of the plaintiffs. The defendant answered admitting that Saner had requested and received permission from the respective plaintiffs to erect two signs, and alleging that he also erected three concrete pillars at the entrance to her private roadway leading from her motel property to Highway 395; that he erected a pole line consisting of three poles upon and along her said private roadway; that these poles, line and pillars are appurtenant to her real property; that she and Saner had, since 1938, openly, notoriously and under a claim of right operated and maintained these pillars, poles and signs; that each plaintiff, in 1946, and again in 1948, had told her that these signs, poles and pillars could remain upon their property as long as she desired; that the plaintiffs also stated to her that Saner had obtained and was possessed of a prescriptive right to the location of these in-

stallations adverse to them; and that she now owns a right or easement to maintain these or similar signs, poles and pillars upon the lands of the plaintiffs, which right or easement is adverse to them and to the whole world.

The case was set for trial for February 3, 1949. It was continued three times and finally tried on May 26 and 27, 1949, before Judge Dehy and taken under submission. A minute entry was made on October 27, 1949, ordering judgment for the plaintiff and the presentation of findings and a decree. Judge Dehy died before the findings and decree were signed. The case was again set for trial on May 8, 1950. Many continuances followed and the case was again tried on October 2, 3, 4 and 5, 1950, before Judge Wagner. The defendant was represented by counsel at the first trial before Judge Dehy, and was represented by several attorneys at various times prior to the second trial, but at that time appeared without counsel. When a further continuance was refused she acted in propria persona.

The court found in favor of the plaintiffs' finding, among other things, that Saner erected the signs on plaintiffs' lands under a parol license given him by them, respectively, each license being expressly made revocable at the will of the licensor; that Saner erected the three pillars on Lacey's property under an assumed and implied license from Lacey; that Saner erected a line of poles, two being on Brown's property and one on Lacey's property, under assumed and implied licenses from them respectively; that the defendant became the owner of these signs, pillars and poles as a part of her purchase of the motel property from Saner, the cost of the same to her being nominal or none at all; that the licenses under which Saner erected the signs, pillars and poles on the properties of the plaintiffs were personal to him and were revoked; that the defendant has not acquired and does not now have any license or other right to maintain the signs, pillars or poles on the properties of the plaintiffs; that Saner knew that his erection of these installations was permissive only, and never claimed that his erection or maintenance of the signs, pillars or poles on the properties of the plaintiffs was adverse or hostile to them; and that the defendant has acquired no right or easement by prescription or otherwise, to maintain these signs, pillars or poles. Judgment was accordingly entered ordering the defendant to remove these signs, pillars and poles within 30 days, and she has appealed.

The record was filed in this court on September 14, 1951. Time for filing the opening brief was extended several times, and finally to May 1, 1952. At that time the appellant filed a long affidavit in support of her request for a further continuance, which was denied. At her request that affidavit was considered as her opening brief. The respondent filed no brief but the cause was orally argued on July 8, 1952, at which time the appellant also filed a petition to correct the record on appeal, which matter was also submitted.

As near as we can understand, the appellant contends that the trial was not fairly conducted and that she was "continuously weedled and confused by" the judge; that no evidence was received showing that she did not own "the land and property of my said motel roadway"; that all surveys are wrong and her land in section 18 actually runs over to Highway 395; that, in any event, she has an easement for the maintenance of these installations, acquired by prescription; that the witnesses against her committed perjury; and that the clerk's and reporter's transcripts do not truly and correctly set forth the respective proceedings.

The criticism of the manner in which the trial was conducted is entirely unwarranted. The appellant was most courteously treated by opposing counsel, and the trial judge handled the difficult situation with the utmost fairness and with a degree of patience and consideration that has probably seldom been equaled.

The real question involved was as to whether the appellant had acquired a prescriptive right to maintain these installations. There was ample evidence that they were on lands owned by the respondents. While the three poles were on the road side of the fence to the south of the motel road, and while the evidence indicates that the appellant had an easement for the purpose of traveling over the motel road between her land and the highway, that easement would not include any right to install poles on this roadway. The respondents testified that they had given Saner permission to install the two signs and the pillars, contingent upon their right to have them removed at any time. Saner testified by deposition, to the same effect and that he had agreed with the respondents that the signs and pillars should be removed whenever this was desired by the respondents. The respondents also testified that the appellant had not discussed the matter of the signs and pillars with them, and they had not given her any permission to maintain them. The appellant,

her husband and her mother testified that both before and after the motel property was purchased the respondents had told them that they had no interest or claim in the signs, pillars or poles, and that they told her these things could remain there as long as the motel was operated. Nothing more than a conflict appears.

While it was not pleaded, appellant contended at the trial, and contends here, that all the surveys are erroneous and that her land in section 18 actually runs over to Highway 395, so that these installations are in fact upon her own land. There is no evidence to sustain this contention. The map and deeds in evidence indicate to the contrary. There is evidence that appellant's land, as fenced and occupied by her and her predecessors for more than 20 years, is some 300 feet from the highway. The appellant employed a licensed surveyor, who was also employed by the State Highway Department, who surveyed her land and the area in question in 1948. His map, which was admitted in evidence, shows that her land is some 300 feet from the highway and he testified that these installations were not on her land but on lands owned by the plaintiffs. Four documents signed by the appellant in 1947 and 1948, in which she acknowledged that the signs were on the plaintiffs' properties, were admitted in evidence. The findings that these signs and pillars are on respondents' properties are fully sustained by the evidence.

While the appellant contends that the record before us is incomplete, erroneous and dishonestly prepared, these contentions are neither supported by anything tangible nor is our attention called to any alleged defect which could possibly be material to the decision of this case.

The motion to have the record on appeal corrected is denied, and the judgment is affirmed.

Griffin, J., and Mussell, J., concurred.

A petition for a rehearing was denied September 5, 1952, and appellant's petition for a hearing by the Supreme Court was denied October 2, 1952.